Filed 9/27/23  Khorovets v. County of Placer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| TATYANA KHOROVETS, | |
| Plaintiff and Appellant, | C096786 |
| v. | (Super. Ct. No. SCV0045450) |
| COUNTY OF PLACER, | |
| Defendant and Respondent. | |

After warning Tatyana Khorovets that she was not in compliance with county code, the County of Placer (the County) obtained an inspection warrant and cleaned up her real property.  Khorovets sued the County for trespass on her real property and

1

conversion of her personal property. The trial court granted the County's motions for discovery-related terminating sanctions and summary judgment.

Khorovets now contends the judgment against her should be reversed because the County violated her constitutional rights. Because Khorovets has not carried her burden on appeal to show prejudicial error, we will affirm the judgment.

## STANDARDS ON REVIEW

A self-represented litigant is entitled to the same consideration as other litigants and attorneys, and is held to the same rules of procedure. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, questioned on another ground in *Dumas v. Stocker* (1989) 213 Cal.App.3d 1262, 1268, fn. 13.) We must presume the judgment is correct; the appellant has the burden to establish prejudicial error. (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 252.) The appellant also has a duty to provide this court with an adequate record of the trial court proceedings. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

## BACKGROUND

Khorovets did not provide us with a complete record. Although she filed an appellant's appendix and settled statement, she did not include the County's separate statement of undisputed material facts in support of its motion for summary judgment. (See *Weiss v. People ex rel. Dept. of Transportation* (2020) 9 Cal.5th 840, 864 [separate statements identify disputed facts].) Our recitation of the background is derived from the complaint and the trial court orders.

According to Khorovets, Officer Estelle Maxwell met a County contractor on the Khorovets property at 7:00 a.m. and the contractor removed various things from the property, including a manufactured home, a travel trailer, a generator, fencing, and a van, even though a warrant issued by the trial court allowed removal of property only between 8:00 a.m. and 6:00 p.m. Khorovets sought damages from the County.

A trial court minute order indicates the County filed a motion for summary judgment supported by evidence and a separate statement of undisputed material facts. (Code Civ. Proc., § 437c.)  The trial court determined the County complied with the terms of the inspection warrant, thereby shifting to Khorovets the burden of establishing a triable issue of material fact.  Because Khorovets did not submit evidence or establish the need for a trial to resolve factual disputes, the trial court granted the motion for summary judgment.

The trial court's minute order further indicated that the County filed a motion for terminating sanctions because Khorovets had repeatedly refused to appear for her deposition despite two trial court orders compelling her to appear.  The trial court determined that Khorovets's failure to comply with her discovery obligations and her defiance of court orders warranted granting the County's motion.

DISCUSSION

Khorovets claims the County's actions violated the Fourth Amendment's protection against unreasonable searches and seizures.  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  (U.S. Const., 4th Amend.)

Khorovets does not argue that the warrant to enter the property to investigate and remove personal property was unsupported by probable cause or was in some other way invalid.  (See U.S. Const., 4th Amend.; see also Cal. Const., art. I, § 13.)  Instead, she claims the County violated the terms of the warrant by entering the property before 8:00 a.m.  But the County presented evidence in support of its motion for summary judgment that the entry on Khorovets's property and seizure of the private property conformed to the warrant, including not entering the property until 8:00 a.m.  Based on

3

the evidence, the trial court determined that, contrary to Khorovets's allegations in her complaint, the County did not violate the terms of the warrant.

"The purpose of summary judgment is to determine whether the parties possess evidence that requires the weighing procedures of a trial. [Citation.]" (*Johnson v. Lewis* (2004) 120 Cal.App.4th 443, 451.) Because Khorovets did not submit contradicting evidence in opposition to the motion for summary judgment, the trial court properly found in favor of the County, concluding the County had a warrant to enter the property and seize personal property and the County's actions did not exceed the scope of the warrant. (See *Horton v. California* (1990) 496 U.S. 128, 140 [110 L.Ed.2d 112] [the search must not exceed the scope of the warrant].) Khorovets argues summary judgment was inappropriate because the County requested a jury trial in its answer to the complaint, but the argument lacks merit because a successful defense motion for summary judgment eliminates the need for trial. (*Johnson,* at p. 451.)

Khorovets makes other arguments and cites other constitutional provisions but she does not explain, with appropriate citations to authority, how the purported errors with respect to the motion for summary judgment require this court to reverse the trial court's judgment. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 [points not supported by legal authority are forfeited].) We cannot reverse unless there is a showing of prejudicial error. (Cal. Const., art. VI, § 13.) It is not enough merely to declare that the County's actions violated the state and federal Constitutions.

In any event, the trial court also issued terminating sanctions based on Khorovets's refusal to appear for and complete depositions. The terminating sanctions were unrelated to the granting of the motion for summary judgment and constitute an independent basis for affirming the judgment against Khorovets. Khorovets makes no argument in her briefs that the trial court erred in granting terminating sanctions.

4

## DISPOSITION

The judgment is affirmed. The County is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/S/
MAURO, Acting P. J.

We concur:

/S/
MESIWALA, J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.